UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLICK INTELLIGENCE, LLC,

Plaintiff,

v.

Case No. 26-cv-10753
HON. MARK A. GOLDSMITH

MICROVISION, INC,

Defendant.
_____________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Dkt. 18)**

This is a patent infringement case. Defendant MicroVision, Inc.'s second motion to dismiss argues that venue in this Court is not appropriate, such that transfer should be ordered under 28 U.S.C. § 1400(b) and that Plaintiff Flick Intelligence, LLC has not properly pled an infringement claim (Dkt. 18).[1] For the reasons that follow, this case will be transferred to the United States District Court for the Western District of Washington.

## I. BACKGROUND

Flick is a New Mexico limited liability company and its principal place of business is located in New Mexico. Am. Compl. ¶ 1 (Dkt. 16). Flick owns U.S. Patent No. 9,965,237 ('237 patent) which it describes as an "augmented-reality, display, and data-sharing technology." Id. ¶¶ 13–14.

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing also includes Flick's response (Dkt. 19) and MicroVision's reply (Dkt. 20).

MicroVision filed its first motion to dismiss arguing, in part, that Flick's complaint did not sufficiently plead detailed or specific factual allegations and was, therefore, defective for failing to articulate a plausible claim, as required by the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). 6/24/26 Mot. (Dkt. 12). The Court gave Flick the ability to file an amended complaint and cure the deficiencies raised by MicroVision in its first complaint. 6/29/26 Order (Dkt. 14). Flick filed an amended complaint.

The amended complaint alleges that MicroVision is a Delaware corporation with a principal place of business in Redmond, Washington and its registered agent is located in Tumwater, Washington. Id. ¶ 2. It also alleges that MicroVision is "licensed to do business in the state of Michigan and has a regular and established business in Detroit Michigan, a technology center." Id.

As for acts within Michigan and within this district, the amended complaint alleges that MicroVision "mak[es], us[es], sell[s], offer[s] for sale, and/or import[s]" "products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit." Id. ¶ 7. Further, Flick alleges that MicroVision "makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products" within the district and in Michigan and "regularly conducts and solicits business" in the district and in Michigan. Id.

## II. ANALYSIS

Venue in patent infringement cases is governed by 29 U.S.C. § 1400(b). TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 581 U.S. 258, 266 (2017). A patent infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has

committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

To survive a Rule 12(b)(3) motion to dismiss based on venue, the plaintiff has the burden of establishing proper venue under § 1400(b) and the question is governed by the United States Court of Appeals for the Federal Circuit. In re ZTE (USA) Inc., 890 F.3d 1008, 1012–1014 (Fed. Cir. 2018); House v. General Electric Co., No. 19-cv-10586, 2019 WL 12070341, at *2 (E.D. Mich. Dec. 11, 2019). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).

"[F]or purposes of § 1400(b) a domestic corporation 'resides' only in its [s]tate of incorporation." TC Heartland LLC, 581 U.S. at 262. To have a "regular and established place of business[,]" there must be: (i) "a physical, geographical location in the district from which the business of the defendant is carried out[;]" (ii) regular business that "operates in a steady, uniform, orderly, and methodical manner[;]" and (iii) the business "must establish or ratify the place of business" not just allow employees to work from there. In re Cray Inc., 871 F.3d 1355, 1362–1364 (Fed. Cir. 2017).

MicroVision argues that venue is improper in this district because the amended complaint fails to allege that it resides in Michigan or that it has a regular or established place of business in Michigan. Mot. at PageID.216–220. According to MicroVision's affidavit, it is not incorporated in Michigan; it is not registered to do business in Michigan; and it does not file tax returns or maintain any state registrations in Michigan. Markham Aff. ¶¶ 3, 5 (Dkt. 18-1). The affidavit states that MicroVision leases a single office in Grand Blanc, Michigan but that the office is not being used and is empty. Id. ¶ 6. Further, the office has no signage, no local phone number, and

no mailing address. Id. And the office address is not posted or advertised; there is no business conducted out of the office; and no materials or inventory are stored there. Id. There are MicroVision employees in the district but they work remotely, MicroVision does not condition their employment on their continued presence within the district, and it does not reimburse them for expenses incurred by working in the district such as home office expenses, utilities, or rent. Id. ¶ 7.

Flick does not directly disagree that venue is improper in this district. Instead, it argues that if the Court thinks venue is improper in this district, it should transfer the case instead of dismissing it with prejudice, which is the remedy that MicroVision's motion requests. Resp. at PageID.252–254; Mot. at PageID.219–220.

Because the parties seem to be in agreement regarding improper venue, the Court transfers the case to the District Court for the Western District of Washington, where MicroVision's headquarters is located and where Flick requests the case be transferred. Mot. at PageID.202–203; Resp. at PageID.253.

The Court declines MicroVision's invitation to dismiss the case with prejudice. Mot. at PageID.219–220. While it is true that Flick was on notice that MicroVision objected to venue in this district based on its argument in its first motion to dismiss and it failed to cure this deficiency in its first amended complaint, "[g]enerally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc., 608 F. Supp. 3d 541, 550 (N.D. Ohio 2022) (punctuation modified). The Court finds that it is in the interest of justice to transfer the case to the appropriate venue instead of dismissal.

Also, given that the Court is transferring the case, it declines to analyze MicroVision's other arguments that Flick failed to adequately plead its patent infringement claim. Mot. at PageID.220–232.

## III. CONCLUSION

For the reasons stated above, the Court grants MicroVision's motion to dismiss in part related to its request to transfer the case. The case is transferred to the U.S. District Court for the Western District of Washington. The Court denies without prejudice the other issues raised in the motion.

**SO ORDERED.**

Dated: November 3, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager